IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03387-CMA-KLM

SHERRON L. LEWIS JR.,

     Plaintiff,

v.

WELLS FARGO BANK NA, and
DEBRA JOHNSON, in her official and personal capacities,

     Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Dismiss Submitted by Debra Johnson, Public Trustee for the City and County of Denver** [Docket No. 5; Filed January 17, 2012]; **Plaintiff's Motion for Leave to Amend Complaint** [Docket No. 23; Filed March 8, 2012]; and **Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** [Docket No. 26; Filed March 12, 2012] (collectively, the "Motions"). The Motions are referred to this Court for recommendation. [## 6, 24, 28]. The Court has reviewed the briefing, the record, and the applicable case law, and is fully advised in the premises. For the reasons stated below, the Court **RECOMMENDS** that Defendant Johnson's Motion to Dismiss [#5] and Defendant Wells Fargo's Motion to Dismiss [#26] be **GRANTED**, and Plaintiff's Motion for Leave to Amend Complaint [#23] be **DENIED**.

## I.  Statement of the Case

### A.    Procedural History

Plaintiff, who proceeds in this matter *pro se*, brings this action pursuant to 42 U.S.C. § 1983; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; and state tort law.  *Compl.*, [#1] at 2.  In short, Plaintiff challenges the foreclosure of the property located at 4950 Eagle Street, Denver, Denver County, Colorado (the "Property"). *Id.* at 3.

Defendant Debra Johnson ("Johnson") responded to Plaintiff's Complaint with the first Motion to Dismiss at issue on January 17, 2012 [#5].  Plaintiff requested an extension of time in which to respond to Defendant Johnson's Motion, which the Court granted and set the response deadline at March 12, 2012 [#9].  Despite the extension, Plaintiff did not file a response.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") responded to Plaintiff's Complaint with the second Motion to Dismiss at issue on March 12, 2012 [#26].  Plaintiff did not file a response to Wells Fargo's Motion, nor did he request an extension of time in which to do so.

Plaintiff did, however, file the instant Motion for Leave to Amend Complaint on March 8, 2012 [#23].  Plaintiff proposes to add one defendant, Castle Stawiarski, LLC, and to withdraw the claims against Defendant Johnson in her "official capacity."  *Id.* at 1. Defendant Johnson did not respond to Plaintiff's Motion; Defendant Wells Fargo submitted a Response on March 29, 2012 [#27].  Plaintiff did not file a reply.

Dismissal of Plaintiff's case may be appropriate based on Plaintiff's failure to prosecute his case by not filing responses to the two Motions to Dismiss.  *See* Fed. R. Civ.

P. 41(b).  While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado's Civil Local Rules do not specify that failure to respond to a motion may be deemed as consent to its entry.  *See, e.g.*, D.C. Kan. L. Civ. R. 7.4.  In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond.  *Persik v. Manpower, Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished decision).  Given the judicial system's strong preference for resolving cases on their merits, the Court considers the Motions on their merits.

## B.    Summary of the Facts

Plaintiff brings four claims in his initial Complaint, which is the operative pleading: 1) fraudulent misrepresentation; 2) violations of the FDCPA; 3) civil conspiracy; and 4) violations of the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, as related to notice of the non-judicial foreclosure proceeding under Colo. R. Civ. P. 120 ("Rule 120).  *See* [#1].  As relief, Plaintiff asks the Court to issue a declaratory judgment stating that any orders resulting from the Rule 120 proceeding are "null and void," and to award him monetary damages in various amounts.  *Id.* at 15-16.

According to the Complaint and relevant documents,[1] on October 22, 2004, Plaintiff

---

[1]  For the purposes of resolving the Motions to Dismiss, the Court takes as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint.  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Further, when considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however.  First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint.  *GFF Corp. v. Associated*

executed a promissory note (the "Adjustable Rate Note", or the "Note") in the amount of $122,400.00, payable to Impac Funding Corporation ("IFC").  *Compl.*, [#1] at 4;  *see also Note*, [#26-1].  The Note is transferable, and is payable to "anyone who takes [the] Note by transfer and who is entitled to receive payments."  [#26-1] at 1.  On the same date, Plaintiff also executed a deed of trust whereby the Property was offered as security for the repayment of the debt evidenced by the Note.  [#1] at 4.  The deed of trust was recorded in the real property records of Denver County, Colorado, on November 8, 2004, at Reception No. 2004231462 (the "Deed of Trust").  *Id.*;  *see also Deed*, [#26-2].

Plaintiff alleges that IFC securitized Plaintiff's loan within seventy days after the transaction, and that the loan was included in a group of bonds designated as "IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2004-9."  [#1] at 4 (emphasis in original).  Plaintiff contends that his loan was sold as a mortgage backed security without his knowledge, and that IFC was "fully compensated for the value of Plaintiff's mortgage loan."  *Id.* at 5.

On April 23, 2009, Plaintiff entered into a Loan Modification Agreement with Countrywide Home Loan Servicing, LP ("CHLS"), which was also secured by the Property.  *Id.* at 5;  *see also Agreement*, [#26-3].  Plaintiff now avers that CHLS had no interest in Plaintiff's loan and in any event, did not comply with the Real Estate Settlement Procedures Act ("RESPA") or the Truth in Lending Act ("TILA").  *Id.*  CHLS is not a party to this action.  Plaintiff alleges that he "rescinded" his assent to the Loan Modification Agreement on April 12, 2010, and gave notice to CHLS of his decision.  *Id.*

---

*Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court has examined the numerous documents submitted by the parties in connection with the Motions and has determined that each of the documents cited herein may appropriately be considered by the Court in making its Recommendation on the pending Motions.

In a letter dated July 26, 2011, Defendant Wells Fargo, through its counsel Castle Stawiarski, LLC, informed Plaintiff that it was going to initiate foreclosure proceedings on the Property. *Letter*, [#26-4]. The letter is titled, "Notice Required by the Fair Debt Collection Practices Act . . . ." *Id.* at 1. The letter states that the debt on the Note is owed to Wells Fargo as the creditor, pursuant to its status "as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-9." *Id.* The letter was sent to Plaintiff at the Property address and at the address listed on the docket. *Id.* at 1, 3.

On August 12, 2011, Defendant Wells Fargo, through Castle Stawiarski, LLC, caused a Notice of Election and Demand for Sale ("NED") as to the Property to be filed with the Denver County Public Trustee, Defendant Johnson. *NED*, [#26-5]. The NED was recorded in Denver County's public records by Defendant Johnson on August 22, 2011. *Id.*; *see also* [#1] at 5. The NED states that Wells Fargo is the "Holder of Evidence of Debt", as defined by Colo. Rev. Stat. § 38-38-100.3(8).[2] *Id.* A "Statement by Attorney for Qualified Holder Pursuant to 38-38-101, C.R.S." was also filed. *Statement*, [#26-6].

The issuance of the NED in August 2011 triggered Colorado's non-judicial foreclosure process as to the Property. [#1] at 5. Plaintiff alleges that Defendant Johnson mailed a Combined Notice of Right to Cure and Redeem to Plaintiff at the Property ("Combined Notice"). *Id.* at 6. The Combined Notice identified the date of the sale of the Property, if Plaintiff did not pay what was owed on the Note to Wells Fargo. *Id.* The date

---

[2] "Holder of an evidence of debt" is defined as "the person in actual possession of or person entitled to enforce an evidence of debt." Colo. Rev. Stat. § 38-38-100.3(10)." Evidence of debt" is defined as "a writing that evidences a promise to pay or a right to the payment of a monetary obligation, such as a promissory note, bond, negotiable instrument, a loan, credit, or similar agreement, or a monetary judgment entered by a court of competent jurisdiction." Colo. Rev. Stat. § 38-38-100.3(8).

of sale was continued to December 29, 2011. *Id.* Plaintiff avers that he has "never done business regarding the [Property] with [Wells Fargo]," and asserts that Wells Fargo "has no legal attachment, recorded or otherwise, to Plaintiff's home." *Id.* at 4.

On October 14, 2011, the law firm of Castle Stawiarski, LLC, on behalf of its client Wells Fargo, filed a motion with the Denver County District Court pursuant to Rule 120. *Id.*; *see also Rule 120 Motion*, [#26-7]. This motion sought an order authorizing Defendant Johnson to sell Plaintiff's home at a public auction. *Id.* In the motion, Castle Stawiarski, LLC attested that Wells Fargo is the "holder of the Note and the beneficiary of the Deed of Trust." *Id.* Also filed with Denver County District Court was a Notice of Hearing which set a hearing date regarding the Rule 120 proceeding for November 3, 2011. *Id.*; *see also Notice of Hearing*, [#26-8]. The Notice of Hearing further articulated that Plaintiff could file a response on or before October 31, 2011, and if a response was not filed, the court "may without any hearing authorize the foreclosure and public trustee's sale without further notice." *Id.* (emphasis omitted). Plaintiff claims that he was never served with the Notice of Hearing, and thus, did not have an "opportunity to appear, be heard and otherwise defend his interests in the subject property." *Id.*

On November 17, 2011, the Denver County District Court granted Wells Fargo's Rule 120 motion which was filed by Castle Stawiarski, LLC, and directed Defendant Johnson to sell the Property at a foreclosure auction. *Id.* at 7; *see also Order Authorizing Sale*, [#26-11]. Defendant Johnson issued a Public Trustee's Certificate of Purchase to Wells Fargo on December 29, 2011, which indicates that Wells Fargo purchased the Property on the same date. *Certificate*, [#26-12]. Defendant Johnson issued a Public Trustee's Confirmation Deed to Wells Fargo, dated January 12, 2012. *Confirmation Deed*,

[#26-13].  The Denver County District Court then issued an order approving the sale, dated January 27, 2012.  *Order*, [#26-15].

## II.  Standard of Review

### A.    Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.  *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true.  *Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations."  *Id.* at 1003.  With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends.  *Id.*  The Court therefore must make its own findings of fact.  *Id.*  In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing."  *Id.* (citing *Ohio Nat'l Life Ins. Co. v.. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)).  The Court's reliance on

"evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.      Fed. R. Civ. P. 12(b)(6)**

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

8

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## C.     *Pro Se* Litigants

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.  Analysis

Defendant Johnson presents three grounds for her request that the Court dismiss Plaintiff's claims against her: 1) the *Rooker-Feldman* doctrine precludes this Court's subject matter jurisdiction; 2) as Public Trustee, Defendant Johnson is not subject to the FDCPA;

and 3) the Colorado Governmental Immunity Act precludes any remaining tort claim brought against her.  *See* [#5].

Defendant Wells Fargo also argues that this Court's subject matter is limited by the *Rooker-Feldman* doctrine, and in the alternative, by the *Younger* abstention doctrine.  [#26] at 6-7.  In any event, Defendant Wells Fargo attests that Plaintiff's four claims fail to state a colorable claim for relief, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 8-26.  The Court addresses Defendants' arguments in turn, as well as Plaintiff's Motion for Leave to Amend, as follows.

## A.    *Rooker-Feldman* Doctrine

"*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (citations omitted).  In 2005, the Supreme Court narrowed the scope of the *Rooker-Feldman* doctrine by mandating that it be applied only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  However, a court is not barred from exercising jurisdiction under *Rooker-Feldman* even if a plaintiff attempts to litigate in federal court a matter previously litigated in state court, so long as the plaintiff "presents some independent claim." *Id.* at 293.  This is true even if finding in the federal plaintiff's favor "denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.*

Appropriate application of the *Rooker-Feldman* doctrine to a Colorado Rule 120

foreclosure proceeding is dependent on a few variables, including when the federal case was initiated and what relief is sought by the plaintiff. In *Dillard v. Bank of New York*, the Tenth Circuit clarified its determination stated in *In re Miller*, 666 F.3d 1255, 1262 n.6 (10th Cir. 2012), in which it found cases rejecting *Rooker-Feldman* in the context of Rule 120 proceedings more persuasive than cases applying *Rooker-Feldman*'s preclusive effect. No. 11-1379, 2012 WL 1094833, at *1 n.3 (10th Cir. 2012) (unpublished). The Circuit explained that its holding in *In re Miller* concluded "that no final judgment is entered in Rule 120 proceedings for purposes of the *Rooker-Feldman* doctrine." *Id.* However, the Circuit then applied the *Rooker-Feldman* doctrine to the *Dillard* plaintiff's claim arising out of a Rule 120 proceeding, based on the distinguishing factor that the plaintiff was "not seeking to enjoin the sale of her home; rather, she [was] attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated [the lawsuit]." *Id.*

Here, the foreclosure sale occurred on December 29, 2011, and Plaintiff initiated the lawsuit one day prior, on December 28, 2011. However, similar to the *Dillard* plaintiff, Plaintiff in this matter does not request an injunction preventing the sale of his house; Plaintiff asks for a declaratory judgment that any and all orders resulting from the Rule 120 proceeding are null, void, and "set aside." [#1] at 15. Thus, in effect, Plaintiff is attempting to completely undo the foreclosure proceeding, which became final during the early stages of this litigation. If the Court were to grant Plaintiff's request for relief as to the foreclosure, it would engage in the conduct explicitly prohibited by the *Rooker-Feldman* doctrine, *i.e.*, review and rejection of a state court decision in federal court.

This conclusion is consistent with other recent opinions issued in this District. In

*Amerson v. Chase Home Finance LLC*, another Magistrate Judge applied the *Rooker-Feldman* doctrine to bar the plaintiffs' request to quiet title to their foreclosed property.  No. 11-cv-01041-WJM-MEH, 2012 WL 1686168 (D. Colo. May 7, 2012).  The court found that the form of requested relief "relate[d] directly to the state-court proceedings, as title would not be clouded but for the actions of the state court."  2012 WL 1686168 at *10.  The court cited to *Dillard* in support of its conclusion that, as to the request to quiet title, "federal court is not the appropriate forum for such relief."  *Id.*  The court "recommend[ed] dismissal of [the plaintiffs'] request to quiet title because the claim itself depend[ed] on, and in effect attack[ed], a state court finding below," which implicated the preclusive effect of the *Rooker-Feldman* doctrine.  *Id.*

Additionally, in *Niederquell v. Bank of America, N.A.*, a District Judge rejected application of the *Rooker-Feldman* doctrine in denying a motion to remand and a motion to dismiss.  No. 11-cv-03185-MSK-MJW, 2012 WL 1578060 (D. Colo. May 4, 2012).  On November 15, 2011, the *Niederquell* plaintiffs initiated their lawsuit in state court, in which they sought a declaration that a week-old Rule 120 Order authorizing the sale of their property was void.  2012 WL 1578060 at *1.  The defendants removed the case to this Court on December 7, 2012, before the foreclosure sale had actually occurred.  *Id.*  The plaintiffs moved for remand on the basis of the *Rooker-Feldman* doctrine.  *Id.*  The court denied the motion for remand, citing to both *Dillard* and *In re Miller*, on the basis that although the record showed that a Rule 120 Order was entered, the record was devoid of a showing that "the entire foreclosure process" had concluded.  *Id.* at *3.  Thus, the court found that "no final order [was] being challenged," and the *Rooker-Feldman* doctrine was inapplicable.  *Id.*

Like *Amerson*, the instant Plaintiff's request for relief depends on, and in effect attacks, a state court finding below.  Unlike *Niederquell*, the record in this instant matter demonstrates that the entire foreclosure process has been completed.  The Denver County District Court entered an order authorizing the sale of the Property pursuant to Rule 120, the Property was sold and the deed transferred to Wells Fargo, and the sale was approved. *See* [#1] at 7; *see also* [## 26-11, 26-12, 26-13, 26-15].  Therefore, regardless of the fact that Plaintiff initiated this lawsuit one day prior to the foreclosure sale of the Property, the *Rooker-Feldman* doctrine precludes this Court's subject matter jurisdiction over review of the Rule 120 proceeding in dispute for two reasons: first, because the foreclosure proceeding has fully concluded, and second, due to the nature of Plaintiff's request for relief, *i.e.*, an order that would completely undo the foreclosure proceeding.[3]

With respect to the specific claims in Plaintiff's Complaint, application of *Rooker-Feldman* leads to the conclusion that the Court is without jurisdiction to provide the declaratory relief sought by Plaintiff, because Plaintiff seeks a reexamination of his rights in the foreclosed Property in the form of a declaration that "all . . . documents and instruments [in dispute], filed and recorded against Plaintiff's home, null and void, *ab initio*, and that any and all orders resulting from the Rule 120 proceeding be set aside due to non-compliance with the mandatory notice provisions." [#1] at 15.  "Such interference would require this Court to substitute its judgment for [that] of the state court on the issue of property rights, . . . which involves important state interests and looks to state law for their resolution." *Yokomizo v. Deutsche Bank Securities, Inc.*, No. 11-cv-01630-CMA-KLM, 2011

---

[3]  Importantly, it is the <u>combination</u> of these two reasons that provides the foundation for application of *Rooker-Feldman*.  If, for example, Plaintiff had instead requested an injunction to enjoin the sale of his home and filed his lawsuit before the foreclosure proceeding had concluded, the *Rooker-Feldman* doctrine would likely be inapplicable.

WL 2912691, at *2 (D. Colo. July 20, 2011). Accordingly, the Court recommends that Plaintiff's request for declaratory relief be dismissed without prejudice as precluded by the *Rooker-Feldman* doctrine. *Lambeth v. Miller*, 363 F. App'x 565, 569 (10th Cir. 2010) (dismissal on basis of *Rooker-Feldman* doctrine is without prejudice).

Similarly, Plaintiff's fourth claim alleging a violation of his due process rights pursuant to the Fifth and Fourteenth Amendments should also be dismissed without prejudice. Plaintiff alleges that his due process rights were violated in the course of the foreclosure. *Compl.* [#1] at 17-19. However, reviewing Plaintiffs' due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgment, which is barred by application of the *Rooker-Feldman* doctrine. *See Dillard*, 2012 WL 1094833, at *1 (holding that the district court correctly dismissed the plaintiff's due process claim in a foreclosure proceeding for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine). To the extent that Plaintiff is claiming that the state court erred by permitting these Defendants to proceed with the foreclosure process, "the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property." *Yokomizo*, 2011 WL 2912691, at *2 (citing *Beeler Props. LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007)). Accordingly, the Court recommends that Plaintiff's fourth claim for a violation of his due process rights be dismissed without prejudice pursuant to the *Rooker-Feldman* doctrine.       Next, the Court considers whether the *Rooker-Feldman* doctrine bars the litigation of Plaintiff's remaining FDCPA, civil conspiracy, and fraudulent misrepresentation claims. The pertinent question is whether these claims may have been brought in federal court without respect to what

occurred in the state court. *See Amerson*, 2012 WL 1686168 at *10 (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006)).  In other words, if the claims do not require an "appellate-type" of review of the state court proceedings or judgment, then *Rooker-Feldman* does not apply. *See id.*

Plaintiff's remaining claims depend on the *manner* by which Defendants foreclosed on the Property, and the Court need not concern itself with the bona fides of the disposition of the foreclosure proceeding. *See Amerson*, 2012 WL 1686168, at *10; *see also Castro v. Kondaur Capital Corp.*, Case No. 11-cv-03298-CMA-KLM, Docket Entry No. 46 at 13-14 (D. Colo. Aug. 14, 2012).  Further, Plaintiff's request for money damages pursuant to these claims is not an attack on a judgment or proceedings that occurred in the state court. *See McDaniel v. John Suthers*, No. 08-cv-00223-WDM-MEH, 2008 WL 4527697, at *6 (D. Colo. Oct. 2, 2008) (quoting *McKithen v. Brown*, 481 F.3d 89, 98 (2d. Cir. 2007) ("[G]iven that [the plaintiff] in federal court seeks redress for an injury that existed in its exact form prior to the state-court judgment, he cannot be complaining of an injury 'caused by' the state court.").  Accordingly, the Court finds that the *Rooker-Feldman* doctrine does not bar this Court from asserting subject matter jurisdiction over Plaintiff's remaining FDCPA, civil conspiracy, and fraudulent misrepresentation claims against Defendants. *See Amerson*, 2012 WL 1686168, at *10 (citing *Bolden*, 441 F.3d at 1145).

## B.    Defendant Johnson

Defendant Johnson is the Public Trustee for Denver County, Colorado.  [#1] at 3; [#5] at 1.  Defendant Johnson contends that, as a government official, she is not subject to the FDCPA. *Id.* at 2-3.  Further, Defendant Johnson attests that Plaintiff has failed to comply with the Colorado Governmental Immunity Act, and thus cannot proceed with his

state law claims against her.  *Id.* at 5.  The Court agrees.

### 1.    FDCPA Claim Against Defendant Johnson

Pursuant to the FDCPA, the term "debt collector" specifically excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C. 1692a(6)(C).  Here, although Plaintiff attempts to sue Defendant Johnson in her official capacity and in her individual capacity for allegedly *ultra vires* acts, all acts by Defendant Johnson described in the Complaint (and in the proposed Amended Complaint, *see* [#23-1]), clearly fall within the parameters of her authority as Public Trustee.

Defendant Johnson correctly points out that "[P]laintiff has failed to identify any action or failure to take action on the part of the Public Trustee that was not in accordance with any identified statutory requirements under Colorado foreclosure or other law."  [#5] at 5.  Plaintiff offers only the conclusory allegation that Defendant Johnson acted *ultra vires*, which is insufficient to overcome a motion pursuant to Rule 12(b)(6).  *See Iqbal*, 129 S. Ct. at 1949 ("[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do"); *see also Plemons v. HSBC Bank USA, Nat'l Ass'n*, No. 11-cv-00038-CMA-BNB, 2011 WL 2971159, at *2 (D. Colo. July 22, 2011) (affirming recommendation that FDCPA claim against public trustee be dismissed "because it only applies to debt collectors, which does not include public trustees").  Accordingly, the Court recommends that Plaintiff's second claim asserting FDCPA violations as brought against Defendant Johnson be dismissed.

### 2.    State Law Claims Against Defendant Johnson

Defendant Johnson asserts immunity from Plaintiff's state tort claims pursuant to the

16

Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.*, and her office as Public Trustee under Colo. Rev. Stat. § 38-38-702. [#5] at 5. Pursuant to the CGIA, "any person bringing a tort claim against the state, a state agency, or a state employee must comply with the notice requirements set forth therein." *Patrick v. Bank of New York Mellon*, No. 11-cv-01304-REB-MJW, 2012 WL 934288, at *9 (D. Colo. Mar. 1, 2012) (finding that CGIA barred tort claims against Public Trustee of Delta County, Colorado). The portion of the CGIA applicable to individual public employees "affords a public employee immunity from tort actions arising out of his or her acts or omissions that occurred within the scope of his or her official duties." Colo. Rev. Stat. § 24-10-118. As stated above, even assuming that Plaintiff complied with the CGIA's notice requirements (of which the record is devoid), Plaintiff provides only conclusory allegations that Defendant Johnson acted *ultra vires*, which are insufficient to overcome a motion pursuant to Rule 12(b)(6). Accordingly, the Court recommends that Plaintiff's first and third claims asserting state law torts as brought against Defendant Johnson be dismissed.

## C.     FDCPA Claim Against Defendant Wells Fargo

Plaintiff contends that Defendant Wells Fargo violated several provisions of the FDCPA because of the "threatening notice" it sent through its counsel Castle Stawiarski, LLC, which Plaintiff believes contained a misrepresentation as to Defendant Wells Fargo's purported ownership of the Note. [#1] at 9-10. Defendant Wells Fargo asks the Court to dismiss Plaintiff's FDCPA claim against it on the basis that Wells Fargo, as a lender foreclosing on a home, is not a "debt collector" as defined by the FDCPA.

"The provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors"; thus "a mortgage lender collecting its own debt is not a debt

collector under the FDCPA." *Dillard v. Bank of New York*, No. 09-cv-03008-WYD-BNB, 2011 WL 2714118, at *6 (D. Colo. July 13, 2011) (citation omitted).   Importantly, the mortgage lender has to collect on *its own* debt, thus evidence that the lender owns the debt is crucial to this determination.  Here, Wells Fargo attests that it had standing to initiate the foreclosure at issue as a "qualified holder" in possession of evidence of the debt, and that such status was correctly identified in the statement that accompanied the NED.  [#26] at 9.   In his Complaint, Plaintiff alleges that Wells Fargo has no legal connection to the Property.  [#1] at 4.

Plaintiff's conclusory allegations do not overcome the evidence provided by Wells Fargo with its Motion and Response.  *See Iqbal*, 129 S. Ct. at 1949 ("[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do").  Plaintiff admits that his loan, which was memorialized by the Note at issue, was converted to a bond and grouped into a bond series designated as IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-9.  [#1] at 4.  Wells Fargo is the Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-9, as evidenced by the court filings in the Rule 120 proceeding, and is furthermore the holder of the Note itself as the original evidence of debt.  *See Note*, [#26-1], *NED*, [#26-5]; *Statement*, [#26-6].  Faced with the evidence propounded by Wells Fargo, and the absence of any response indicating otherwise by Plaintiff, the Court concludes that Wells Fargo, as the mortgage lender, foreclosed on the Property to collect its own debt. As such, Wells Fargo is excluded from the definition of "debt collector" for the purposes of the FDCPA, and Plaintiff's second claim should be dismissed with prejudice for failure to state a claim upon which relief may be granted.  *Brereton v. Bountiful City Corp.*, 434 F.3d

1213, 1219 (10th Cir. 2006) (dismissal on the merits of the complaint is ordinarily with prejudice).

**D.    Remaining State Law Claims Against Defendant Wells Fargo**

Remaining are Plaintiff's first and third claims against Defendant Wells Fargo, which assert fraudulent misrepresentation and civil conspiracy, respectively.   Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").   Here, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**E.    Plaintiff's Motion for Leave to Amend**

Plaintiff explains that the proposed Amended Complaint differs from the original Complaint on two points: the addition of Castle Stawiarski, LLC as a defendant, and the withdrawal of the claims against Defendant Johnson in her official capacity.  [#23] at 1. Plaintiff again explains that he sues Defendant Johnson for *ultra vires* acts, but does not explain which acts described in the proposed Amended Complaint are outside of Defendant Johnson's scope of duty as the Public Trustee for Denver County.   *See* [#23-1] at 4. Notably, the original Complaint states the same.  [#1] at 1-2.

Defendant Wells Fargo filed a Response in opposition to Plaintiff's Motion [#27]. Wells Fargo argues that Plaintiff's Motion should be denied on the grounds of undue delay,

undue prejudice, and futility. *See id.* The Court agrees.

As a preliminary matter, the Court must usually first determine whether Plaintiff filed his motion for leave to amend within the deadline prescribed by the Scheduling Order, and if not, whether he established good cause for the failure to timely do so.[4] If good cause is shown, the Court then considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court omits the first step of the analysis, because it has not held a Scheduling Conference or entered a Scheduling Order in this case. The Court thus proceeds to the second step of the analysis, *i.e.*, whether Plaintiff has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3.

---

[4] Although the Tenth Circuit has not explicitly adopted this test related to amendment of pleadings generally, it this Court's practice, and indeed the practice of other judges in this District, to resolve untimely motions to amend first by considering the Rule 16(b)(4) good cause standard as a threshold issue. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)([4])'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline" (citation omitted)). *See also, e.g., Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) (unpublished decisions) ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decisions) (reviewing untimely motion to amend only as to good cause standard pursuant to Rule 16(b)(4)). Simply, if good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'").

The Court has discretion to grant a party leave to amend its pleadings.  *Foman*, 371 U.S. at 182; *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  "The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice."  *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (citations omitted).

Plaintiff's amendment as to Defendant Johnson is futile, for the reasons stated above in the Court's evaluation of Plaintiff's original claims against her.  *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").  Regarding amendment as to Defendant Wells Fargo and the proposed addition of Castle Stawiarski, LLC as a defendant, Defendant Wells Fargo has met its burden of showing that the proposed amendment arises from undue delay, which stands unanswered by Plaintiff, as Plaintiff did not file a reply.  Notably, as to Defendant Wells Fargo specifically, permitting leave to amend would have no effect, as Plaintiff does not seek leave to amend his claims against Defendant Wells Fargo.

Defendant Wells Fargo attests that its counsel, Castle Stawiarski, LLC, should not be added to this lawsuit as a defendant because Plaintiff knew of Castle Stawiarski, LLC's

involvement in the proceedings at issue as early as July 2011, and delayed the inclusion of Castle Stawiarski, LLC as a defendant. [#27] at 5. Wells Fargo argues that "[i]t can only be assumed that the plaintiff is now attempting to amend his complaint and expand these proceedings, either in order to avoid dismissal pursuant to Wells Fargo's pending motion to dismiss [Doc. #26] or to somehow intimidate Wells Fargo's counsel because of its representation of Wells Fargo in this case." *Id.* at 5-6. Wells Fargo cites to Tenth Circuit precedent in support of its contention that these motives are improper grounds for granting leave to amend. *Id.* at 6 (citations omitted).

Plaintiff did not file a reply in support of his motion for leave and in opposition to Defendant Wells Fargo's arguments against granting leave to amend. Although Plaintiff proceeds *pro se*, the Court will not make arguments on his behalf. *Whitney*, 113 F.3d at 1173-74 ("This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."). Notably, this particular *pro se* Plaintiff has ample experience litigating in this District, and is aware (or at the very least, should be aware) of his obligations to properly prosecute his lawsuit. *See* Case Nos. 89-cv-01122-ZLW (breach of contract); 04-cv-02055-MSK-OES (interested party); 05-cv-00640-WYD-MJW (real property); 06-cv-00888-WYD (real property); 06-cv-01441-WYD-MJW (real property related to bankruptcy); 06-cv-01547-WYD (real property related to bankruptcy); 06-mc-00020-NONE (appointment of counsel related to bankruptcy); 06-mc-00032-WYD (injunction of state court proceedings); 06-mc-00033-WYD (injunction of state court proceedings); 07-cv-00243-RPM (civil rights related to bankruptcy); 08-cv-01094-PAB-KLM (FDCPA); 08-cv-01563-LTB-KLM (FDCPA); 08-cv-01612-LTB-KLM (unauthorized practice of law); 10-cv-01502-WYD-MEH (real property);

11-cv-03298-CMA-KLM (real property, FDCPA); 11-cv-03387-CMA-KLM (instant matter); 12-cv-00565-CMA-KLM (real property, FDCPA).

Therefore, the Court recommends that Plaintiff's Motion for Leave to Amend [#23] be denied on the grounds of futility as to Defendant Johnson, mootness as to Defendant Wells Fargo, and undue delay as to the proposed defendant Castle Stawiarski, LLC.

## IV. Conclusion

IT IS RESPECTFULLY **RECOMMENDED** that the Motion to Dismiss Submitted by Debra Johnson, Public Trustee for the City and County of Denver [Docket No. 5; Filed January 17, 2012] be **GRANTED**;

Plaintiff's Motion for Leave to Amend Complaint [Docket No. 23; Filed March 8, 2012] be **DENIED**; and

Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Docket No. 26; Filed March 12, 2012] be **GRANTED**.

In sum, the Court recommends that Plaintiff's second claim be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and his first, third, and fourth claims, and his request for declaratory judgment, be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 21, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge